USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/10/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINYAH GODIAH NMIAA PAYNES EL-BEY,

                Plaintiff,

-against-

CUBESMART SELF STORAGE, et al.,

                Defendants.

1:20-cv-0521 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Americans with Disabilities Act ("ADA") and the "Mental Health Acts" seeking damages. The Court construes Plaintiff's complaint as asserting at least claims under Title III of the ADA, the New York State Human Rights Law, and the New York City Human Rights Law in which Plaintiff seeks damages and injunctive relief. By order dated February 20, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Defendants until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve Defendants until 90 days after the date that summonses are issued. It is Plaintiff's responsibility to request, if necessary, an extension of time for service.

*Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012); *but see Murray v. Pataki*, 278 F. App'x 50, 51-52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants "Cubesmart Self Storage," "Cubesmart Store 0558," and "Cubesmart Corp." through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to send a copy of this order to Plaintiff, together with an information package. The Clerk of Court is further instructed to complete the USM-285 forms with the service addresses for Defendants "Cubesmart Self Storage," "Cubesmart Store 0558," and "Cubsesmart Corp." and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 10, 2020

GREGORY H. WOODS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Cubesmart Self Storage
   5 Old Lancaster Road
   Malvern, Pennsylvania 19355

2. Cubesmart Store 0558
   395 Brook Avenue
   Bronx, New York 10454

3. Cubesmart Corp.
   5 Old Lancaster Road
   Malvern, Pennsylvania 19355