Case 1:20-cv-00521-GHW   Document 25   Filed 08/25/20   Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/26/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINYAH GODIAH NMIAA PAYNES EL-BEY,

                          Plaintiff,

-against-

CUBESMART SELF STORAGE,
CUBESMART STORE 0558, and
CUBESMART CORP.,

                          Defendants.

1:20-cv-00521-GHW

ORDER REQUESTING PRO BONO COUNSEL

GREGORY H. WOODS, United States District Judge:

    In her complaint, Plaintiff asserts claims under Title III of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law, alleging that she was denied access to her storage unit as a result of her disability. On May 13, 2020 Defendants filed a motion to compel arbitration. Dkt. No. 8. However, there appears to be a disputed issue of fact regarding whether Plaintiff consented to arbitration. Therefore, the Court anticipates holding an evidentiary hearing to determine whether Plaintiff is bound by the arbitration clause at issue.

    The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of representing Plaintiff at the evidentiary hearing in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

    The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to

seek pro bono representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to seek pro bono counsel for a civil litigant. 802 F.2d at 61–62. Of course, the litigant must have demonstrated that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's "position seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should not apply bright-line rules. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, "[e]ach case must be decided on its own facts." *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in forma pauperis* (IFP), which the Court granted. (*See* Order dated February 20, 2020, ECF No. 4.) Plaintiff therefore qualifies as indigent. The Court further finds that the requirements of *Hodge* have been satisfied.

The self-storage rental agreement that contains the arbitration clause at issue does not display a customer signature, but it does list a date and time at which it was signed. Dkt. No. 8-6 at 4. Defendants' affidavit in support of their motion to compel arbitration states that Plaintiff "would have signified her acceptance of the Self-Storage Rental Agreement" by her signature on an electronic computer system" but that "[d]ue to a technical error, the copy of [Plaintiff's] signature did not fully transfer on the computer system for the Rental Agreement. However, the computer system automatically identifies the date and time that the Rental Agreement was signed by the customer." Dkt. No. 8-7 at ¶¶ 4–5. Plaintiff opposed the motion to compel arbitration and stated that she did not sign the rental agreement. Dkt. No. 22 at 9, 11–12. During a conference with the Court, Plaintiff represented that her aide signed paperwork on her behalf when she first obtained the storage unit rental. Transcript of June 8, 2020 Conference, Dkt. No. 23, at 21:22–22:10.

Based on the parties' positions, the Court finds that Plaintiff's opposition to the motion to compel arbitration is "likely to be of substance." *Hodge*, 802 F.2d 61–62. The other *Hodge* factors also weigh in favor of Plaintiff being appointed limited pro bono counsel. Because there appears to be a disputed issue of fact regarding whether Plaintiff signed and is bound by the arbitration agreement, the Court will hold an evidentiary hearing. This hearing will be critical in determining whether the Court grants Defendants' motion to compel arbitration, Dkt. No. 8. The hearing will require examination of both Plaintiff and a representative of Defendants. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Given the early stage of the proceedings, the Court will request that counsel appear for the limited purpose of representing Plaintiff in connection with the anticipated evidentiary hearing regarding whether Plaintiff consented to arbitration. In addition, pro bono counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that Defendants file a motion for summary judgment, pro bono counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of the evidentiary hearing.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to

represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

Plaintiff must write to the Court within one week of the date of this order to state whether or not she wants a volunteer attorney to represent her.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: August 25, 2020
New York, New York

                                                        Gregory H. Woods
                                                    United States District Judge