UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRINYAH GODIAH NMIAA PAYNES EL-BEY,<br><br>       Plaintiff,<br><br> -against-<br><br>CUBESMART SELF STORAGE, CUBESMART STORE 0558, and CUBESMART CORP.,<br><br>       Defendants. | Civil Action No.: 1:20-CV-00521-GHW<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Johan A. Obregon, Esq., on the brief

KERLEY, WALSH, MATERA & CINQUEMANI, P.C.
2174 Jackson Avenue
Seaford, New York 11783
(516) 409-6200
(866) 490-8940 - Fax
*Attorneys for Defendant*
CubeSmart, L.P. s/h/a
CUBESMART SELF STORAGE,
CUBESMART STORE 0558, and
CUBESMART CORP.
File No.  24634

# **TABLE OF CONTENTS**

    **Page**

I. INTRODUCTION… ...............................................................................……..1

II. ARGUMENT …...............................................................................……..….…2

    A. The Federal Arbitration Act Embodies A National Policy Favoring Arbitration And Requires That Arbitration Agreements Be Enforced According To Their Terms….....…………………………….…..2

    B. The Agreement Between The Parties Is Unambiguous And Clearly In Favor Of Arbitration …………………………………………………5

    C. The Federal Arbitration Act Requires The Court To Stay The Litigation Pending Arbitration…......…………….……………………..7

III. CONCLUSION …………………………………………………….……………7

## TABLE OF AUTHORITIES

**FEDERAL STATUTES**   **Page(s)**

9 U.S.C. § 2 ..................................................................................................................3
9 U.S.C. § 3 ...............................................................................................................4, 7

**FEDERAL CASES**

14 Penn Plaza LLC v. Pyett,
    556 U.S. 247 (2009) ………………….......................................................................2

Alexander & Alexander Servs. v. These Certain Underwriters at Lloyd's,
    136 F.3d 82 (2d Cir. 1998) ……………………………………………..…………5

AT&T Mobility LLC v. Concepcion,
    131 S. Ct. 1740 (2011) ..................................................................................... 2, 4, 7

AT&T Technologies, Inc. v. Communications Workers of America,
    475 U.S. 643 (1986) ....................................................................................................3

Circuit City Stores, Inc. v. Adams,
    532 U.S. 105 (2001) ....................................................................................................3

Cruden v. Bank of New York,
    957 F.2d 961 (2d Cir. 1992)……………………………..……..…………………5

Dean Witter Reynolds, Inc. v. Byrd,
    470 U.S. 213 (1985) ................................................................................................4, 7

Gilmer v. Interstate/Johnson Lane Corp.,
    500 U.S. 20 (1991) ......................................................................................................3

Hall Street Associates, L.L.C. v. Mattel, Inc.,
    552 U.S. 576 (2008) ……...........................................................................................4

Hunt, Ltd. v. Lifschultz Fast Freight, Inc.,
    889 F.2d 1274 (2d Cir. 1989)…….………………………………………….……..5

McMahan Securities Co. L.P. v. Forum Capital Markets L.P.,
    35 F.3d 82 (2d Cir. 1994)......................................................................................4, 7

Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,
    473 U.S. 614 (1985) ....................................................................................................2

## TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,
 460 U.S. 1 (1983) ..................................................................................................3

Nicosia v. Amazon.com, Inc.,
 834 F3d 220 (2d Cir 2016) …………………………………………………………..5

Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan,
 7 F.3d 1091 (2d Cir. 1993)…………………………………………………………..5

Starke v SquareTrade, Inc.,
 913 F3d 279, 289 (2d Cir 2019)……………………...……………………………….6

Stolt-Nielsen S.A. v. AnimalFeeds International Corp.,
 130 S. Ct. 1758 (2010) ...................................................................................2, 3

**NEW YORK STATE CASES**

Breed v. Ins. Co. of N. Am.,
 46 N.Y.2d 351 (1978)………………………………………………………………..5

Matter of Express Indus. and Term. Corp. v New York State Dept. of Transp.,
 93 NY2d 584 (1999)……………………………………………………………….6

MHR Capital Partners LP v. Presstek, Inc.,
 12 N.Y.3d 640 (2009)……………...…………………….………………………….6

W.W.W. Assocs. v. Giancontieri,
 77 N.Y.2d 157, 162 (1990) ………………………………………………………5

Defendant CubeSmart, L.P. s/h/a CUBESMART SELF STORAGE, CUBESMART STORE 0558, and CUBESMART CORP. ("CubeSmart") respectfully submits this Memorandum in Support of its Motion to Compel Arbitration pursuant to Section 3 of the Federal Arbitration Act ("FAA"). As explained below, this case should be stayed, and the Court should compel the plaintiff, Prinyah Godiah Nmiaa Paynes El-Bey, to participate in arbitration with CubeSmart.

## I.    INTRODUCTION

On January 17, 2020, plaintiff commenced this action against CubeSmart for claims (of what appear to be) that plaintiff was refused access to her storage unit on January 12, 2020[1]. See Exhibit "A". CubeSmart now moves to enforce the arbitration agreement contained in the New York Self-Storage Rental Agreement, which was agreed to and signed by plaintiff, on or about November 15, 2017.

The New York Self-Storage Rental Agreement contains the following relevant provision:

> "**m. BINDING ARBITRATION:** In the event of a dispute arising under or relating to this Agreement, such dispute will be finally and exclusively resolved by binding arbitration. NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE ANY CLAIM IN COURT OR TO HAVE THE CLAIM DECIDED BY A JUDGE OR JURY. DISCOVERY RIGHTS, SUCH AS EACH PARTY'S RIGHT TO THE EXCHANGE OF PREHEARING INFORMATION OR PREHEARING TAKING OF SWORN TESTIMONY, MAY ALSO BE LIMITED IN ARBITRATION. All disputes will be resolved before a neutral arbitrator, whose decision will be final except for a limited right of appeal under the Federal Arbitration Act. The arbitration shall be commenced and conducted under the Commercial Arbitration Rules of the American Arbitration Association (AAA) and, where appropriate, the AAA's Consumer Arbitration Rules, both of which are available at the AAA website www.adr.org. The arbitration may be conducted in person, through the submission of documents, by phone or online. If conducted in person, the arbitration shall take place in New York. The parties may litigate in court to compel arbitration, to stay proceeding pending arbitration, or to confirm, modify, vacate or

---

[1] Plaintiff's Complaint is handwritten, and large portions of the Complaint are illegible.

> enter judgment on the award entered by the arbitrator. The Federal Arbitration Act and federal arbitration law apply to this agreement.

See Exhibit "D"; See also, Declaration of Samila Patrone.

Given the plain language of the arbitration clause, along with the long line of legal precedent recognizing a presumption in favor of arbitration and enforcing arbitration agreements according to their contractual terms, it is clear that this matter must be arbitrated rather than litigated.

## II.   ARGUMENT

### A.   The Federal Arbitration Act Embodies A National Policy Favoring Arbitration And Requires That Arbitration Agreements Be Enforced According To Their Terms

As the Supreme Court has repeatedly recognized, the FAA establishes an "emphatic federal policy in favor of arbitral dispute resolution." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 631 (1985); see AT&T Mobility LLC v Concepcion, 131 S Ct 1740, 1749 (2011) ("[O]ur cases place it beyond dispute that the FAA was designed to promote arbitration. They have repeatedly described the Act as embodying a national policy favoring arbitration and a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." (citations and alterations omitted)). Arbitration is favored because it allows parties "to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes." Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 130 S. Ct. 1758, 1775 (2010); see 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 257 (2009) ("Parties generally favor arbitration precisely because of the economics of dispute resolution."). These benefits from arbitration "may be of particular importance" for resolving claims "involv[ing] smaller sums of

money," since both parties have an interest in avoiding the costs of litigation. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123 (2001).

Section 2 is the "primary substantive provision" of the FAA. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991).  This provision declares all arbitration agreements "valid, irrevocable, and enforceable" as a matter of federal law. 9 U.S.C. § 2. "Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).

Consistent with Section 2, the Supreme Court has said "on numerous occasions that the central or 'primary' purpose of the FAA is to ensure that 'private agreements to arbitrate are enforced according to their terms.'" Stolt-Nielsen, S.A., 130 S. Ct. at 1773 (quoting Volt v. Bd. Of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989)).  "Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must 'give effect to the contractual rights and expectations of the parties.'" Id. at 1773-74 (quoting Volt, 489 U.S. at 479). "In this endeavor, 'as with any other contract, the parties' intentions control.'" Id. At 1774 (quoting Mitsubishi Motors Corp., 473 U.S. at 626).  "This is because an arbitrator derives his or her powers from the parties' agreement to forgo the legal process and submit their disputes to private dispute resolution." Id.; see AT&T Techs., Inc. v. Commc'ns Workers, 475 U.S. 643, 648-49 (1986) ("[A]rbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration.").

While Section 2 contains the primary substantive command of the FAA, Section 3 is its key enforcement provision. Section 3 of the FAA requires a federal district court to stay litigation when any issue therein is referable to arbitration:

3

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.*

9 U.S.C. § 3 (emphasis added). This language "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original); AT&T Mobility LLC v Concepcion, 131 S. Ct. at 1748 ("§ 3 requires courts to stay litigation of arbitral claims pending arbitration of those claims 'in accordance with the terms of the agreement.'"). As the Second Circuit has recognized, "[u]nder the Federal Arbitration Act, a district court must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding. The FAA leaves no discretion with the district court in the matter." McMahan Secs. Co. L.P. v. Forum Capital Mkts. L.P., 35 F.3d 82, 85-86 (2d Cir. 1994) (citing 9 U.S.C. § 3).

The FAA does not, however, divest a court of jurisdiction over the dispute. When a court stays a matter and compels arbitration, *see* 9 U.S.C. § 3, the court retains the power to supervise certain portions of the arbitration, and any decision of the arbitrator can only be enforced after it is confirmed by the court. See Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008) ("Under the terms of § 9 [of the FAA], a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11 [of the FAA]. Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one.").

**B.    The Agreement Between The Parties Is Unambiguous And Clearly In Favor Of Arbitration**

4

The threshold question of whether the parties indeed agreed to arbitrate is determined by state contract law principles. Nicosia v Amazon.com, Inc., 834 F3d 220, 229 (2d Cir 2016) (citation omitted). As the Agreement was signed in the State of New York, concerning property in New York, and where the plaintiff is a resident of New York, New York law should apply.

Under New York law, the initial interpretation of a contract by the court includes "the threshold question of whether the terms of the contract are ambiguous." Alexander & Alexander Servs. v. These Certain Underwriters at Lloyd's, 136 F.3d 82, 86 (2d Cir. 1998)(citations omitted); accord, e.g., W.W.W. Assocs. v. Giancontieri, 77 N.Y.2d 157, 162 (1990)("Whether or not a writing is ambiguous is a question of law to be resolved by the courts.") (citation omitted). Contract language is ambiguous if it is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement[.]" Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan, 7 F.3d 1091, 1095 (2d Cir. 1993) (quotation omitted); see also Breed v. Ins. Co. of N. Am., 46 N.Y.2d 351, 355 (1978) (citation omitted) (noting that no ambiguity exists when contract language has "a definite and precise meaning" about which "there is no reasonable basis for a difference of opinion"). "Language whose meaning is otherwise plain does not become ambiguous merely because the parties urge different interpretations in the litigation." Hunt, Ltd. v. Lifschultz Fast Freight, Inc., 889 F.2d 1274, 1277 (2d Cir. 1989).

A court applying New York law "may neither rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous, […] nor redraft a contract to accord with its instinct for the dispensation of equity upon the facts of a given case." Cruden v. Bank of New York, 957 F.2d 961, 976 (2d Cir. 1992)(citation omitted). Rather, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning

5

of its terms." MHR Capital Partners LP v. Presstek, Inc., 12 N.Y.3d 640, 645 (2009) (quotation omitted).

Generally, courts look to the basic elements of the offer and the acceptance to determine whether there was an objective meeting of the minds sufficient to give rise to a binding and enforceable contract. Matter of Express Indus. and Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589 (1999). "Where an offeree does not have *actual* notice of certain contract terms, [s]he is nevertheless bound by such terms if [s]he is on *inquiry* notice of them and assents to them through conduct that a reasonable person would understand to constitute assent". Starke v SquareTrade, Inc., 913 F3d 279, 289 (2d Cir 2019) (emphasis in original)(citation omitted). "In determining whether an offeree is on inquiry notice of contract terms, New York courts look to whether the term was obvious and whether it was called to the offeree's attention. Id. "This often turns on whether the contract terms were presented to the offeree in a clear and conspicuous." Id.

Here, the terms of the arbitration agreement were clear and conspicuous. The arbitration clause was located on the second to last paragraph of the New York Self-Storage Rental Agreement, directly above the plaintiff's signature line. Further, the arbitration clause was written in capital letters, in relevant parts as follows:

> In the event of a dispute arising under or relating to this Agreement, such dispute will be finally and exclusively resolved by binding arbitration. NEITHER YOU NOR WE SHALL HAVE THE RIGHT TO LITIGATE ANY CLAIM IN COURT OR TO HAVE THE CLAIM DECIDED BY A JUDGE OR JURY.

See Exhibit "D"; See also Declaration of Samila Patrone.

Based upon the clear language of the arbitration clause contained in the singed agreement between the parties, there is no question that the instant matter must proceed to arbitration, as a matter of law.

### C. The Federal Arbitration Act Requires The Court To Stay The Litigation Pending Arbitration

Under Section 3 of the FAA, the court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3 (emphasis added); *see* AT&T Mobility LLC v Concepcion, 131 S. Ct. at 1748 ("§ 3 requires courts to stay litigation of arbitral claims pending arbitration of those claims 'in accordance with the terms of the agreement.'" (quoting 9 U.S.C. § 3)); Dean Witter Reynolds, Inc., 470 U.S. at 218 ("[The FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." (emphasis in original)). As the Second Circuit has recognized, "[u]nder the Federal Arbitration Act, a district court *must stay proceedings* if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding. *The FAA leaves no discretion with the district court in the matter*." McMahan Sec. Co. L.P., 35 F.3d at 85-86 (emphasis added). Consequently, the Court must stay this litigation pending arbitration.

### III. CONCLUSION

For the foregoing reasons, CubeSmart respectfully request that the Court grant this Motion, compel arbitration, and stay this litigation pending arbitration.

Dated: Seaford, New York
April 21, 2021

                                                Respectfully submitted,

                                                KERLEY, WALSH, MATERA &
                                                CINQUEMANI, P.C.

                                                _____
                                                Johan A. Obregon
                                                2174 Jackson Avenue
                                                Seaford, New York 11783
                                                (516) 409-6200
                                                *Attorneys for Defendant*
                                                CubeSmart, L.P. s/h/a
                                                CUBESMART SELF STORAGE,
                                                CUBESMART STORE 0558, and
                                                CUBESMART CORP.