UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRINYAH GODIAH NMIAA PAYNES EL-
BEY,

                                    Plaintiff,

                    -against-

CUBESMART SELF STORAGE,
CUBESMART STORE 0558, and
CUBESMART CORP.,

                                    Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/2022

1:20-cv-00521-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On January 11, 2022, the Court held a status conference to discuss the parties' discovery

disputes and defendant's anticipated motion for sanctions.

For the reasons described by the Court during that conference, Plaintiff is ordered to reply to

Defendants' interrogatories and respond fully to all outstanding document requests by January 28,

2022. This is the second time the Court is ordering Plaintiff to provide complete and accurate

responses to Defendants' interrogatories. The Court also ordered Plaintiff to do so on October 25,

2021. Dkt. No. 82. Plaintiff must provide complete and specific responses to all of Defendants'

questions in the interrogatories. Plaintiff must provide a written response to each question even if

Plaintiff believes that the information requested is available in other documents or has already been

provided to Defendants. Plaintiff is directed to provide a written response and not to reference or

excerpt other documents.

According to the Case Management Plan entered by the Court on July 6, 2021, fact discovery

closed on December 3, 2021. Dkt. No. 62. However, because Plaintiff has failed to respond to

Defendant's discovery requests, the Court finds that there is good cause to extend the fact discovery

deadline for the limited purpose of permitting Defendants to take Plaintiff's deposition. The Court

also finds that there is good cause to extend the fact discovery deadline to allow Plaintiff to provide

Defendants with discovery already requested.

However, the Court is not extending the fact discovery deadline for any other purpose. At this point, there is no showing of good cause for any other extension of the fact discovery deadline. If the parties intend to conduct other depositions in this case, or seek new or additional documents, they are directed to request an extension of the fact discovery deadline and provide the Court with a justification to do so. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The parties are also directed to comply with Rule 1(E) of my Individual Rules of Practice in Civil Cases if they intend to request an extension of the fact discovery deadlines. As discussed during the conference, the Court directs the parties to meet and confer about depositions in this case.

Defendants are instructed to send a copy of this order along with a copy of the transcript from the January 11, 2022 status conference to Plaintiff by email.

The Clerk of Court is directed to mail a copy of this order by first class mail to Plaintiff.

SO ORDERED.

Dated:  January 12, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge