| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 3/12/22 |
| PRINYAH GODIAH NMIAA PAYNES EL-BEY,<br><br>                      Plaintiff,<br><br>-against-<br><br>CUBESMART SELF STORAGE,<br>CUBESMART STORE 0558, and<br>CUBESMART CORP.,<br><br>                      Defendants. | 1:20-cv-00521-GHW<br><br>ORDER |

GREGORY H. WOODS, United States District Judge:

Plaintiff Prinyah Godiah Nmiaa Paynes El-Bey, proceeding *pro se* and *in forma pauperis*, initiated this action on January 17, 2020. Ms. El Bey's complaint is read to raise causes of action under the Americans with Disabilities Act (the "ADA"), New York State's Human Rights Law (the "NYSHRL") and New York City's Human Rights Law (the "NYCHRL"). Dkt. No. 1. For the reasons stated below, this action is DISMISSED for failure to prosecute and for failure to comply with the Court's orders.

    **I.**       **BACKGROUND**

On May 28, 2021, the Court scheduled a status conference for June 8, 2021. Dkt. No. 52. Ms. El Bey failed to appear at that conference. Dkt. No. 55. The Court rescheduled the June 8, 2022 conference for June 22, 2021, and reminded Ms. El Bey "that she must comply with the Court's orders" and that failure to do so would result in dismissal of her case under Federal Rule of Civil Procedure 41(b). *Id.* Ms. El Bey again failed to appear at the June 22, 2021 status conference. *See* Dkt. No. 61. She was again reminded that "she must comply with the Court's orders" and that the Court expected to dismiss Plaintiff's case if she continued to ignore the Court's orders. *Id.*

Between July of 2021 and January of 2022, Ms. El Bey appeared at four conferences before this Court. On October 22, 2021, the Court held a status conference to discuss ongoing discovery disputes between the parties. *See* Dkt. No. 82. On October 25, 2021, Ms. El Bey was ordered to provide a complete, written response to Defendants' interrogatories by no later than November 12, 2021. *Id.* The Court held another conference on January 11, 2022 to discuss Plaintiff's noncompliance with this Court's October 25, 2021 Order. Dkt. No. 92. At the January 11, 2022 conference, Ms. El Bey was once again ordered to comply with her discovery obligations. *Id.* The Court directed Ms. El Bey "to reply to Defendants' interrogatories and respond fully to all outstanding document requests by January 28, 2022." *Id.*

On February 14, 2022, Defendants moved for discovery sanctions based on Plaintiff's continued non-compliance with her discovery obligations and this Court's orders. Dkt. No. 100. In light of Defendants' motion, the Court scheduled a status conference for February 22, 2022. Dkt. No. 101. On February 22, 2022, the Court, defense counsel, and the court reporter all appeared by phone at the scheduled time and waited for Ms. El Bey to appear. Dkt. No. 102. After she failed to do so, the Court adjourned the conference to March 1, 2022 at 2:00 p.m. and issued an Order reminding Ms. El Bey of her obligations to comply with Court orders. *Id.* On March 1, 2022, Ms. El Bey once again failed to appear. Dkt. No. 103. The Court adjourned the March 1, 2022 conference to March 10, 2022 and again issued an Order reminding Ms. El Bey that failure to comply with court orders could result in sanctions, including the dismissal of her case. *Id.* Ms. El Bey failed to appear at the March 10, 2022 conference.

## II. LEGAL STANDARD

### a. Rule 41(b)

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim

against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Although appellate courts apply a number of factors in reviewing a district court's decision to dismiss an action for failure to prosecute, "a district court is not required to discuss each of the factors on the record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent."); *Mahadi v. Johnson Controls, Inc.*, No. 02-cv-1256 (ILG), 2003 WL 21244545, at *3 (E.D.N.Y. Apr. 25, 2003) ("A court need not discuss" the relevant factors, "but the record will benefit from the reasoning of the Court.").

### b. Rule 16(f)

Fed. R. Civ. P. 16(f) provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "[A]ll litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 104 (2d Cir. 1990) (citation omitted). The Rule 37 sanctions incorporated into Rule 16 include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "Rule 16(f) incorporates the same standards developed under Rule 37(b)(2)." *Vajic v. API Restaurant Corp.*, No. 12-cv-757 (RWS), 2014 WL 4384148, at *2 (S.D.N.Y. Sept. 4, 2014).

The Second Circuit has identified several factors that "may be useful in evaluating a district court's exercise of discretion" to dismiss an action under Rule 37: "'(1) the willfulness of the non-

compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (citation omitted).

The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994).

### III.    DISCUSSION

The Court finds that dismissal of Ms. El Bey's complaint without prejudice pursuant to Rule 41(b) is warranted due to Ms. El Bey's failure to take meaningful steps to prosecute this action. Ms. El Bey's apparent disinterest in proceeding with her case is apparent from her multiple missed appearances and from her disinterest in completing discovery. Ms. El Bey has stopped showing up to conferences. She has missed the last three conferences and has not responded to any of the Court's recent orders. Over the last year, she has missed a total of five status conferences. As described above, Ms. El Bey has also failed to provide basic items of discovery in this case. *See e.g.*, Dkt. No. 92. Therefore, the Court finds that dismissal under Rule 41(b) is warranted and that Ms El Bey has received more than sufficient warning that her failure to actively litigate this case is grounds for dismissal.

The Court also finds that dismissal without prejudice pursuant to Fed. R. Civ. P. 16(f) is warranted. As the procedural history recounted above makes clear, Ms. El Bey has failed to comply with at least four scheduling orders. The Court has issued repeated warnings that failure to comply with the Court's orders could result in dismissal and has given Ms. El Bey multiple chances to comply.

The Court has considered whether a lesser sanction is appropriate and concludes—in light of Ms. El Bey's demonstrated disinterest in prosecuting this case, refusal to provide basic discovery responses, and the number of occasions on which she has failed to appear—that it is not. *See Miller v. City of New York*, No. 12-cv-2965, 2012 WL 5879471 (E.D.N.Y. Nov. 20, 2012) (dismissing *pro se* complaint for plaintiff's repeated failure to appear for in-court conferences).

### IV.    CONCLUSION

Ms. El Bey's complaint is dismissed without prejudice for failure to prosecute and for failure to comply with numerous orders of the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate all pending motions and to close this case. The Clerk of Court is further directed to send a copy of this order to Ms. El Bey's Florida and New York addresses by certified mail.

SO ORDERED.

Dated: March 11, 2022  
New York, New York

GREGORY H. WOODS  
United States District Judge